IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CARLTON BRANTLEY, LARRY           *
DOWDELL, MELVIN GRIFFIN,
PONDIEL MABREY, et al.,           *

    Plaintiffs                  *

vs.                               *
                                  CASE NO. 4:10-CV-77 (CDL)
MUSCOGEE COUNTY SCHOOL            *
DISTRICT, DON A. COOPER, Jr.,
KINARD LATHAM, et al.,            *

    Defendants                  *

O R D E R

    Plaintiffs have filed several discovery related motions, including a Motion to Compel (ECF No. 69), a Motion to Expand Number of Discovery Requests (ECF No. 70), and a Motion to Extend the Discovery Period (ECF No. 71). After a hearing on the pending motions, the Court ordered that additional discoverable information be produced by Defendants by January 13, 2012,[1] that Plaintiffs' counsel notify Defendants' counsel in writing by January 27, 2012 of the names of all persons who she wishes to depose, that the discovery period be extended until March 27, 2012, and that the

---

[1] The Court ordered Defendant to produce the names, job titles, race, and dates of employment of all employees who were employed in Plant Services during the period of Plaintiffs' employment and who were enrolled in the "Teachers Retirement System of Georgia Plan." This information may be produced by producing the personnel files for these employees. Defendant shall be permitted to redact from those files any personal information regarding the employees, except for their race, and any disciplinary actions may also be redacted.

dispositive motions deadline be extended until April 27, 2012.  The Court also found that much of the discovery sought by Plaintiff should not be permitted because it was overly broad and burdensome, not reasonably calculated to lead to the discovery of relevant evidence, and had not been pursued diligently by Plaintiffs during the discovery period.  The Court further found that Plaintiffs' counsel had not conferred in good faith with Defendants' counsel in an attempt to resolve the issues that were the subject of Plaintiffs' motion to compel before filing the motion to compel, and for that reason and because Plaintiffs have not reasonably pursued the discovery they now seek in a diligent manner, the Court finds that Plaintiffs are not entitled to recover their costs and expenses incurred in their pursuit of their motion to compel.  The Court's order resolves all issues raised in the pending discovery motions, and therefore, the Clerk shall terminate those motions.

IT IS SO ORDERED, this 6th day of December, 2011.

s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE